IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                Case No. 07–CR–30073–DRH

EDWARD C. LOVING

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      On February 8, 2008, the Court sentenced Edward C. Loving to 188 months imprisonment to run concurrently with those sentences imposed by Judge Murphy (98-30119-GPM) and by Winnebago County Circuit Court (No. 98-CF-294) (Doc. 35). The Clerk of the Court entered judgment reflecting the same (Doc. 39). On February 17, 2015, Defendant Loving filed a *pro se* motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines (Doc. 42). The Court referred the matter to the Federal Public Defender's officer pursuant to Administrative Order 167 (Doc. 43). On March 30, 2015, Assistant Federal Public Defender G. Ethan Skaggs entered his appearance on behalf of Loving (Doc. 44). Skaggs has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 45). *See Anders v. California*, 386 U.S. 738, 744

(1967). Thereafter, the Court allowed Loving an opportunity to respond to the motion to withdraw (Doc. 46). As of this date, Loving has not responded.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant pursuing a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Loving is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. §3582(c)(2). In this case, Loving was sentenced as a career offender under U.S.S.G. § 4B1.1 (Doc. 36, ¶28). Therefore, Loving's guideline sentencing range did not change as a result of the application of Amendment 782. Furthermore, Loving's request for relief under recent changes to U.S.S.G. §5G1.3 enacted under Amendment 787 is also without merit, as Amendment 787 is not retroactive. *See* U.S.S.G.

§1B1.10(d). Therefore, Loving's overall guideline sentencing range cannot be reduced by application of Amendment 782. Consequently, Loving's guideline range also has not been lowered, and he fails to satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 45) and **DENIES** Loving's *pro se* motion for a sentence reduction (Doc. 42).

**IT IS SO ORDERED.**

Signed this 8th day of June, 2015.

Digitally signed by
David R. Herndon
Date: 2015.06.08
16:20:32 -05'00'

**United States District Judge**